**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BRENDA LEE JONES, Trustee**
**for the Brenda Lee Bey Trust,**

    **Plaintiff,**

**v.**              **Case No. 8:16-cv-1404-T-27TBM**

**CITIBANK, N.A., as Trustee for**
**PHHMC Mortgage Pass-Through**
**Certificates Serious 2007-5, DENNIS**
**DRUMMOND, and COLLEEN**
**DRUMMOND,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

  THIS MATTER is before the Court on Plaintiff Brenda Lee Jones's Affidavit of

Indigency (Doc. 2), which is construed as a motion for leave to proceed *in forma pauperis,*

pursuant to 28 U.S.C. § 1915.  As set forth below, I recommend that the motion be denied and

dismiss this action.

**I.**

  As indicated, Plaintiff seeks leave to proceed *in forma pauperis*, pursuant to 28

U.S.C. § 1915, which states:

    [A]ny court of the United States may authorize the
    commencement, prosecution or defense of any suit, action or
    proceeding, civil or criminal, or appeal therein, without
    prepayment of fees or security therefor, by a person who
    submits an affidavit that includes a statement of all assets such
    [person] possesses that the person is unable to pay such fees or
    give security therefor.  Such affidavit shall state the nature of

the action, defense or appeal and affiant's belief that the person
is entitled to redress.

28 U.S.C. § 1915(a)(1).

Section 28 U.S.C. § 1915 further provides that "the court shall dismiss the case at

any time if the court determines that … the action or appeal … fails to state a claim on which

relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  This provision tracks the language of

Federal Rule of Civil Procedure 12(b)(6) and this circuit applies Rule 12(b)(6) standards in

reviewing dismissals under § 1915(e)(2)(B)(ii).  *Mitchell v. Farcass*, 112 F.3d 1483, 1490

(11th Cir. 1997).  In determining whether the plaintiff has stated a claim on which relief may

be granted, the court must accept the factual allegations of the complaint as true and construe

them in the light most favorable to the plaintiff.  *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.

2003).

Further, Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain

statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

This requirement ensures that the defendant is given fair notice of what the claim is and the

grounds upon which it rests.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To meet this standard, the plaintiff must allege

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do.  *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  While the

complaint does not need detailed factual allegations, the allegations must be enough to raise a

right to relief above the speculative level.  *Twombly,* 550 U.S. at 555-56.

2

The court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by attorneys. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

## II.

Plaintiff Brenda Lee Jones, who is proceeding *pro se*, filed a "Complaint to Quiet Title to Real Property," asserting federal question jurisdiction as well as diversity jurisdiction. (Doc. 1). By the jurisdictional allegations, Plaintiff asserts that there is federal subject-matter jurisdiction based on the existence of a question of federal law due to "Defendants' violation of interference to freely contract pursuant to 42 U.S.C. § 1981." *Id.* at 1. In addition, Plaintiff alleges diversity jurisdiction because Defendant Citibank "is a citizen of a foreign jurisdiction." *Id.* at 2. By my reading of the Complaint, however, Plaintiff has failed to adequately allege either federal question jurisdiction or diversity jurisdiction.

First, it does not appear that this "action to quiet title" is one arising under federal law in order to assert federal question jurisdiction. *See* 28 U.S.C. § 1331 ("[t]he district courts ... have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). To determine whether the claim arises under federal law, courts examine the "well pleaded" allegations of the complaint and ignore potential defenses.

3

*Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) (internal citations and quotations omitted); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

Here, by the factual allegations, Plaintiff claims that certain real estate located in Tampa, Florida, is the subject of the litigation.  She asserts that Defendants Dennis and Colleen Drummond ("the Drummonds") had a mortgage with USAA Federal Savings Bank recorded in the Public Records of Hillsborough County, Florida, on June 18, 2007 ("the mortgage").  Defendant Citibank, as successor-in-interest to USAA Federal Savings Bank, recorded an assignment of mortgage on February 22, 2012.  At some point during foreclosure proceedings in or about June 2012, the Drummonds abandoned the subject property.  Approximately three years later, Plaintiff possessed the property by renting from Global Trust and established an interest in the property as well as homestead.  She claims she was forcibly ejected from the residence.  The mortgage remains unsatisfied and a cloud upon Plaintiff's title to the property.  She asks that the mortgage be declared null and void and that she be adjudged owner of the property and entitled to its possession.  (*See generally* Doc. 1 at 2-4).

It is unexplained how the entity identified as Global Trust had any right to convey the subject property to Plaintiff if such was owned by the Drummonds prior to foreclosure.  Moreover, it is unclear who forcibly ejected her from the property.  However, assuming *arguendo* that Plaintiff's "quitclaim deed" from Global Trust is valid and that she had a legal right to reside in the properly, the Court fails to see how her stated claim confers jurisdiction under any federal law.

4

Plaintiff's reliance on the 42 U.S.C. § 1981 mentioned in the Complaint does not appear to bear any relation to her claim for quiet title.[1]  Plaintiff has not alleged any violation of her equal rights, nor does her claim assert such violation.  Nor does Plaintiff's Complaint appear to state any claim under federal law.  Thus, the Court does not have federal question jurisdiction.

Second, Plaintiff's assertion of diversity jurisdiction is flawed.  Title 28 U.S.C. § 1331 provides for federal jurisdiction over actions where the amount in controversy in excess of $75,000 and that are between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing 28 U.S.C. § 1332).  In such case, there must be "complete diversity of citizenship.  That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

In this case, Plaintiff has alleged that diversity exists because Defendant Citibank "is a citizen of a foreign jurisdiction."  *(Doc. 1* at 2).  However, Plaintiff also alleges that she is a resident of Tampa, Florida, and the Drummond Defendants are "currently residents of Hillsborough County, Florida."  *Id.*  As a result, diversity jurisdiction cannot exist because,

---

[1]This statute provides in pertinent part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

according to the allegations, the parties are not completely diverse.  Moreover, Plaintiff has failed to satisfy the amount in controversy requirement; she does not allege damages in excess of $75,000.

Upon consideration, I am constrained to conclude that the Complaint fails to state a cognizable cause of action in this Court and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).  While case law recognizes that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Hughes*, 350 F.3d at 1160 (quotation marks omitted), I conclude that Plaintiff's Complaint must be dismissed.  Plaintiff's Complaint fails to allege how the Defendants violated her federal constitutional or statutory rights in order to state claim upon which relief may be granted or to confer subject matter jurisdiction upon this Court.

### III.

For these reasons, I recommend that the Court **DISMISS** the Complaint (Doc. 1) and **DENY without prejudice** Plaintiff's construed motion to proceed *in forma pauperis* (Doc. 2).  It is further recommended that the Court grant Plaintiff permission to file an Amended Complaint which clearly sets forth a cause of action cognizable in this Court consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty (20) days of the Court's Order, failing which may result in a dismissal of the action without further notice.

Respectfully submitted on this
15th day of June 2016.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

6

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
The Honorable James D. Whittemore, United States District Judge
*Pro se* Plaintiff